O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MUNTU AKILI, | ) | CASE NO. CV 14-0539 DSF (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING HABEAS PETITION AS DISGUISED § 2255 MOTION |
| J.F. CARAWAY, Warden, | ) | |
| Respondent. | ) | |

The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily because the face of the petition, considered in light of judicially-noticeable matters, indicates that it is an abusive, disguised motion under 28 U.S.C. § 2255. As further detailed below, Petitioner was convicted of bank robbery and related charges in 1994 in another district; his convictions were affirmed on appeal, and the Supreme Court denied *certiorari*; he unsuccessfully moved for § 2255 relief in 1997; and in 2012, the Western District of Virginia denied his prior effort to obtain "escape hatch" habeas relief under § 2241. He now seeks to assert an alibi argument that he could have made at trial or in his § 2255 motion. Like the Western District of Virginia, this Court declines to open the "escape hatch."

///

///

# I.

# BACKGROUND

Petitioner Muntu Akili is a federal prisoner housed in FCI Victorville Medium I, one of three prisons comprising FCC Victorville, in this judicial district. On August 10, 1994, a Northern District of Ohio jury convicted him – under the name of Darrin A. Austin, among other monikers – and several confederates of charges arising from seven armed bank robberies. *See generally* docket in *United States v. Akili*, No. CR 94-0068 CAB (N.D. Ohio). On November 11, 1994, District Judge Paul R. Matia sentenced Petitioner to 322 months in prison. *Id.* (docket #201). Petitioner appealed, but the Sixth Circuit affirmed in 1996. *See generally United States v. Austin*, 81 F.3d 161 (table only), 1996 WL 109500 (unpublished memorandum opinion) (6th Cir. 1996), at *3-*9. The Supreme Court denied *certiorari* in June of 1996. *Austin v. U.S.*, 518 U.S. 1026, 116 S.Ct. 2566, 135 L.Ed.2d 1083 (1996).

In 1997, Petitioner returned to the trial court with a § 2255 motion, now using the name Mtu (not Muntu) Akili. *See* docket in *Akili*, *supra* (docket #278). Judge Matia denied the motion on June 17, 1997. *Id.* (docket #308). Petitioner sought to appeal, but Judge Matia and the Sixth Circuit denied a Certificate of Appealability. *Id.* (docket #s 324 & 342 respectively).

Fifteen years later in 2012, Petitioner filed a § 2241 petition in the Western District of Virginia. *See generally* docket in *Akili v. Zych*, No. 7:12-CV-00456 (W.D. Va). On October 12, 2012, District Judge Michael F. Urbanski dismissed the action without prejudice. The judge explained that the "escape hatch" that sometimes allows federal prisoners to use § 2241 petitions instead of § 2255 motions to challenge their convictions and sentences should not open in Petitioner's case because he failed to show that a § 2255 motion was "inadequate or ineffective."

Eight more months passed. Petitioner filed the current putative § 2241 petition in the District of Indiana on June 11, 2013, when he was housed in Terre Haute. That court transferred the action here in January 2014, after his transfer to Victorville. He

argues that he is "actually innocent" of at least some of the seven underlying bank robberies, explaining that (1) he was in custody on a 1993 cocaine-trafficking charge at the time of the final three robberies, and (2) his post-arrest isolation from the other defendants effectively caused his withdrawal from any conspiracy to commit those robberies.

## II.
## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action. Section 2255 itself permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

The escape hatch rarely opens. A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits. *Id*. Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

> we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

      Here, the hatch must remain shut. Petitioner satisfies the first of *Stephens*'s two tests for opening the hatch by asserting he is actually innocent. But he plainly does not satisfy the second test. He has had at least one "unobstructed procedural shot" at presenting his current arguments, and he likely has had several shots. Petitioner already was aware, during the bank robbery trial, of the facts underlying his current "actual innocence" arguments – namely, again, that (1) he could not have personally participated in the final three of seven robberies because he was jailed on cocaine-trafficking charges

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct.501, 133 L.Ed.2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

      In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, had affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman*, *supra*, 1124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

      One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255. (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)

when they occurred, and (2) his post-arrest isolation effectively withdrew him from any conspiracy to rob. Either Petitioner chose not assert these arguments at trial or they proved unpersuasive to the jury. Petitioner also had the opportunity to present these arguments on direct review, in his petition for *certiorari*, in his § 2255 motion and in his Western District of Virginia § 2241 petition. He does not appear to have sought leave in the Sixth Circuit to file a second § 2255 motion in the Northern District of Ohio, but he had and still has the opportunity to assert his actual-innocence arguments in the Sixth Circuit in seeking such leave. The fact that Petitioner did not take and hit his "shots" earlier does not render § 2255 "inadequate or ineffective." It is too late to present these arguments now, at least in this Court and in a § 2241 petition. Habeas relief is unavailable.

## III.
## CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Northern District of Ohio, the Court of Appeals for the Sixth Circuit and/or the Supreme Court.

DATED: 2/5/14

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE